OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The issue is whether there is sufficient evidence in the record to support the jury’s finding of willful misconduct within the meaning of the Warsaw Convention (49 US Stat 3014). Article 25 of that Convention, which governs in this *917 case, provides that a carrier may not avail himself of the limitations of liability fixed in the Convention "if the damage is caused by his wilful misconduct or by such default on his part as, in accordance with the law of the court to which the case is submitted, is considered to be equivalent to wilful misconduct”. (49 US Stat 3020.) Without undertaking a precise verbal definition of willful misconduct or its equivalent for the purposes of the Convention, we hold that the items of proof introduced, whether considered seriatim or in the aggregate, and viewed in the light most favorable to appellant shipper, while sufficient to sustain a finding of negligence, were insufficient as a matter of law to sustain the finding prescribed by the Warsaw Convention.
Against the factual background described in the opinion at the Appellate Division, it appears that following an earlier misdelivery of a shipment of platinum (later recovered) and complaint from the shipper, the carrier’s vice-president of cargo sales falsely assured the shipper that appropriate disciplinary actions had been taken and that "all employees handling such matters have been reminded to carefully adhere to procedures which are designed to ensure proper delivery”. It is to be noted that this assurance related to adherence to existing security procedures; no reference was made to the inauguration of any new or different procedures and none had been requested by the shipper. Appellant lists six of the procedural steps set down in the carrier’s cargo traffic manual. The evidence that there had been formal compliance with each of the pertinent prescribed steps (although concededly negligently performed) was not contradicted. Indeed it was stipulated that, while constituting ordinary negligence, "the action of defendants’ two employees, Robert J. Saunders and Robert Rubenstein, on June 25, 1969, in delivering two packages, numbered 862 and 863, to one Russo, an admitted impostor, was not of itself and standing alone an act of willfull misconduct within the meaning of the Warsaw Convention, as applied to this case.” No evidence was offered which established that the manual procedures, if carefully followed, were insufficient to provide reasonable security protection or that the carrier’s security system was otherwise deficient in design or organization.
While there was other evidence, too, which would have supported a finding of negligence, we agree with the Appellate Division that there was insufficient proof as a matter of law to *918 sustain the requisite finding of willful misconduct or its equivalent as required by the Warsaw Convention.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.